UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| OSCAR ALEJANDRO SANCHEZ SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>BRENT GIBSON, CHRISTOPHER BULLOCK, DAVID VENTURELLA, MARKWAYNE MULLIN, and TODD BLANCHE,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CV-00609-DCLC-JEM |

**ORDER**

This is a federal habeas action under 28 U.S.C. § 2241 brought by and through counsel on behalf of a Petitioner in immigration detention [*See* Doc. 1]. Two matters are before the Court. First is Petitioner's unopposed motion for an extension of time to file a reply [Doc. 7], which is well taken and **GRANTED**. Petitioner's reply is deemed timely filed. The second is a dispute as to whether the petition, which is signed and verified by Petitioner's counsel, should have been brought as a "next friend" petition, because Petitioner's fiancée retained counsel for Petitioner [*See* Docs. 5, 9, 10].

Complicating the resolution of this issue is a discrepancy between the petition, in which counsel indicates she has had limited direct contact with Petitioner [Doc. 1 p. 54] and the reply, in which counsel maintains that she has been unable to directly communicate with Petitioner because of his arrest, detention, and transfers, which have led counsel to be unable to locate him [Doc. 9 p. 2–4]. And the record does not disclose whether Petitioner's fiancée spoke with Petitioner prior to retaining counsel for him, much less whether Petitioner asked his fiancée to secure legal counsel

for him. Thus, it is unclear whether Petitioner has authorized counsel (either directly or through his instructions to his fiancée) to file a petition on his behalf, which would not require "next friend" standing, *see* 28 U.S.C. § 2242, or whether the action must be brought by Petitioner's fiancée as a next friend.

Therefore, the Court will permit Petitioner an opportunity to supplement the record to address these issues. Thus, it is **ORDERED** that by **November 23, 2026**, Petitioner adopt the petition by signing it, counsel may file a notice stating that she has conferred with Petitioner and he has authorized her to file the petition, or counsel may amend the petition as a "next friend" petition, at which point the Court will undertake the analysis of whether next-friend standing is appropriate. To facilitate this, the Government is **ORDERED** to disclose Petitioner's current location and immediate custodian to counsel within twenty-four (24) hours of entry of this Order and aid counsel in contacting Petitioner.[1]

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge

[1] The Court notes that as November 18, 2026, Petitioner's location—the Winn Correctional Center in Winnfield, Louisiana—was ascertainable via an online search. *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Nov. 18, 2026) [*See also* Doc. 10].